Appeal by the Industrial Commissioner from that portion of a decision of the Unemployment Insurance Appeal Board sustaining a Referee’s decision which overruled an initial determination of the Industrial Commissioner disqualifying claimant from receiving unemployment insurance benefits because she refused an offer of employment without good cause. At the time involved claimant was a resident of Cortland, N. Y. She is married but separated from her husband and has no children. She had had two years’ experience as an assembler working on adding machines at Ithaca, N. Y. During some of this time she commuted by automobile from Cortland, a distance of twenty-one miles, by riding with a friend. Claimant was referred to a job opening at Groton, N. Y., a distance of eleven miles from Cortland, as an assembler working on adding machines. It is undisputed in the record that claimant was reasonably fitted by training and experience for the employment offered, and it is undisputed that the compensation offered was the prevailing rate for such work in the community. The evidence is that there was no similar employment available in Cortland. Claimant refused the offered employment, stating as the reason: “ I wouldn’t care about riding with strangers on the country roads in the winter time. Also the cost would be lot more than on previous jobs.” Paragraph (c) of subdivision 2 of section 593 of the Labor Law provides that no refusal to accept employment shall be deemed without good cause if “ the employment is at an unreasonable distance from his residence, or travel to and from the place of employment involves expense substantially greater than that required in his former employment unless the expense be provided for ”. The facts in this regard are undisputed, and the only question presented is whether the distance and travel conditions justify claimant’s refusal of employment under the above-quoted section. The distance involved is eleven miles over a State road. Regular transportation is arranged by the employer in an organized manner by arranging rides with coemployees. The maximum travel time required is thirty minutes from home to factory and a like time from factory to home. Several hundred employees, a substantial percentage of the total number of employees at the plant where the work was offered, reside in Cortland and commute in this manner. At least half of them are women. It is a recognized practice in the community. The cost of transportation is approximately $2.50 per week. The fact that the distance and cost involved is not an unreasonable hardship is demonstrated by the fact that several hundred employees are daily meeting the requirements *1075 to which the claimant objects. Under the particular circumstances present in the instant case, claimant’s refusal to accept employment at Groton was without just cause as a matter of law. That part of the decision appealed from is reversed on the law and the initial determination of the Industrial Commissioner is reinstated, without costs. Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur.